IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03153-PAB

PERCY "KOMLA" HEVI,

     Petitioner.

v.

BOULDER COUNTY SHERIFF, Joe Pelle,

     Respondent.

---

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

     This matter is before the Court on the *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1]. Percy "Komla" Hevi challenges the validity of his misdemeanor conviction in Boulder County Court case 16M1559. Docket No. 1 at 2.

## I. BACKGROUND

     Mr. Hevi states that he was charged with "unlawful sexual contact" for "purportedly grabbing the genitalia of the complaining witness while she was riding a bicycle . . . at a main intersection during rush hour in the City of Boulder." *Id.* at 3. Mr. Hevi was convicted by a jury in Boulder County Court of unlawful sexual conduct, a misdemeanor, and sentenced to a term of 24 months in the Boulder County Jail to be served on work release. Docket No. 22-4 at 1. Mr. Hevi appealed to the Boulder County District Court ("Boulder District Court"), which affirmed his conviction. *Id.* at 5; *see also People v. Hevi*, 2019 Colo. Dist. LEXIS 4732, *2 (Boulder Dist. Ct. Apr. 23,

2019).  The Colorado Supreme Court denied Mr. Hevi's petition for a writ of certiorari. Docket No. 1 at 2.

Mr. Hevi argues that his conviction violated his Sixth Amendment confrontation rights, and he asks that his conviction be vacated and his sentence be stayed pending resolution of this application.  *Id.* at 3–5.  In his habeas petition, Mr. Hevi initially named as respondents Boulder County Sheriff Joe Pelle ("Sheriff") and the Attorney General of the State of Colorado ("Colorado Attorney General").  *Id.* at 1.  On November 23, 2020, counsel entered an appearance for Mr. Hevi.  Docket No. 8.  On December 3, 2020, the Court granted the parties' unopposed motion to dismiss the Colorado Attorney General. Docket No. 10.

The Sheriff filed a pre-answer response on December 17, 2020 and indicated that he would not raise the affirmative defenses of timeliness under 28 U.S.C. § 2254(d)(1) or failure to exhaust state court remedies.  Docket No. 11 at 1.  Rather, the Sheriff argued that the application would be rendered moot by Mr. Hevi's scheduled release from the Sheriff's custody the following week.  *Id.*  Mr. Hevi filed a reply on January 11, 2021, arguing that although he was released from custody, the application is not moot.  Docket No. 13 at 1.

Before this matter was drawn to this Court, Senior District Judge Lewis T. Babcock issued an order explaining that, when a habeas petitioner challenges only an expired sentence, the petitioner must identify an "ongoing 'collateral consequenc[e]' that is 'traceable' to the challenged portion of the sentence and 'likely to be redressed by a favorable judicial decision.'"  Docket No. 14 at 3 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1988)).  Judge Babcock found that the only collateral consequence that Mr. Hevi

identified in his habeas petition is the requirement that Mr. Hevi register as a sex

offender under Colo. Rev. Stat. § 16-22-102(9)(c)(I).  *Id.* (citing Docket No. 13 at 1).

However, Judge Babcock determined that the sex offender registration requirement is a

collateral consequence of Mr. Hevi's conviction, not his sentence, which makes that

request for relief moot.  *Id.* at 3–4 (citing *United States v. Juvenile Male*, 564 U.S. 932,

937–38 (2011) (concluding that independent state duty to register as a sex offender

was not a "collateral consequence" of petitioner's expired sentence)).  Judge Babcock

further determined that Mr. Hevi's challenge to his misdemeanor conviction itself is not

mooted by his release from custody.  *Id.* at 4. (citing *Spencer*, 523 U.S. at 8 ("[T]he

Supreme Court presumes that a wrongful criminal conviction has continuing collateral

consequences sufficient to present a case or controversy and avoid dismissal on the

ground of mootness.")).

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be

issued with respect to any claim that was adjudicated on the merits in state court unless

the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).  Mr. Hevi bears the burden of proof under § 2254(d).  *See Cullen*

*v. Pinholster*, 563 U.S. 170, 181 (2011).

The Court's inquiry is straightforward "when the last state court to decide a

3

prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.* When the last state court decision on the merits "does not come accompanied with those reasons," the federal court should "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Id.* The presumption may be rebutted "by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." *Id.*

The threshold question the Court must answer under § 2254(d)(1) is whether Mr. Hevi seeks to apply a rule of law that was clearly established by the Supreme Court at the time the state court adjudicated the claim on its merits. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case sub judice. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id.* at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404–05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405).  "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.  *Id.* at 407–08.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry.  *See Williams*, 529 U.S. at 409–10.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable."  *Id.* at 411.  A decision is objectively unreasonable "only if all fairminded jurists would agree that the state court got it wrong."  *Stouffer v. Trammel*, 738 F.3d 1205, 1221 (10th Cir. 2013) (internal quotation marks omitted).  Furthermore,

> evaluating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law

> for a state court to decline to apply a specific legal rule that has not been
> squarely established by [the Supreme] Court.

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted, brackets in original).

In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181.

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 562 U.S. at 102 (stating "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal court, a state
> prisoner must show that the state court's ruling on the claim being
> presented in federal court was so lacking in justification that there was an
> error well understood and comprehended in existing law beyond any
> possibility for fairminded disagreement.

*Richter*, 562 U.S. at 103.

Pursuant to § 2254(e)(1), the Court presumes the state court's factual determinations are correct, and Mr. Hevi bears the burden of rebutting the presumption by clear and convincing evidence. The presumption of correctness applies to factual findings of the trial court as well as state appellate courts. *See Al-Yousif v. Trani*, 779

6

F.3d 1173, 1181 (10th Cir. 2015).  The presumption of correctness also applies to implicit factual findings.  *See Ellis v. Raemisch*, 872 F.3d 1064, 1071 n.2 (10th Cir. 2017).

Finally, the Court's analysis is not complete even if Mr. Hevi demonstrates the state court decision is contrary to or an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented.  *See Harmon v. Sharp*, 936 F.3d 1044, 1056 (10th Cir. 2019).  If the requisite showing under § 2254(d) is made, the Court must consider the merits of the constitutional claim de novo.  *See id.* at 1056–57.

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim de novo, and the deferential standards of § 2254(d) do not apply.  *See id.* at 1057.  However, even if a claim is not adjudicated on the merits in state court, the Court still must presume the state court's factual findings pertinent to the claim are correct under § 2254(e).  *See id.*

## III.  ANALYSIS

Mr. Hevi contends that his Sixth Amendment confrontation rights were violated during the state court trial.  Docket No. 1 at 3–5.  "The Confrontation Clause of the Sixth Amendment, made applicable to the states through the Fourteenth Amendment, . . . provides that 'in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'"  *Crespin v. New Mexico*, 144 F.3d 641, 646 (10th Cir. 1998) (quoting U.S. Const. amend. VI and citing *Pointer v. Texas*, 380 U.S. 400, 403 (1965)).  The right to confront witnesses, while not absolute, is a fundamental prerequisite for due process of law and a fair trial.  *Chambers v. Mississippi*, 410 U.S.

7

284, 294–95 (1973).

"[T]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross examination." *Davis v. Alaska*, 415 U.S. 308, 315–16 (1974). The Confrontation Clause generally guarantees only "an opportunity for effective cross examination, not cross examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985); *see also United States v. Allen*, 409 F.2d 611, 613 (10th Cir. 1969) ("[T]he test is the opportunity for full and complete cross-examination rather than the use which is made of that opportunity"). The trial judge retains wide latitude under the Confrontation Clause to impose reasonable limits on cross examination based on concerns such as harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or not relevant. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see also United States v. Atwell*, 766 F.2d 416, 419–20 (10th Cir. 1985) ("As long as the defendant's basic confrontation right is protected, it is within the trial court's discretion to limit the scope of cross-examination.") (citation omitted). However, "federal habeas corpus relief does not lie for errors of state law," *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quotations and citation omitted), and "federal courts may not interfere with state evidentiary rulings unless the rulings in question rendered 'the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.'" *Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir. 2001) (quoting *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989) (quotations and citations omitted)).

## A.  Claim One

In his first claim, Mr. Hevi asserts that the complaining witness "had previously falsely accused [Mr. Hevi] of a domestic violence case in retribution for their breakup." Docket No. 1 at 3.  Mr. Hevi claims that the "false accusation was set up by the complaining witness who lured [Mr. Hevi] into a confrontation by telling him [that] she had put all [of] his property out on the street.  When [Mr. Hevi] arrived to pick up his property, the complaining witness called the police on him, stating [that] she was assaulted."  *Id.*  Mr. Hevi states that neighbors witnessed the interaction and "verified to police that the only person acting aberrantly was the complaining witness."  *Id.* However, Mr. Hevi states, the trial court "precluded evidence of the prior false accusation," which was "extremely prejudicial" because "the only information about the prior relationship was that it ended with 'bad feelings.'"  *Id.*  Mr. Hevi states that the complaining witness's false accusations were excluded while her statements to friends were admitted as excited utterances "even though they occurred after the event and were not made while the witness was observing the event."  *Id.*  Mr. Hevi asserts that the Boulder District Court "characterized the proffered evidence as propensity evidence and affirmed the county court's exclusion of the evidence."  *Id.*

After a hearing on Mr. Hevi's pretrial notice of his intent to introduce extrinsic evidence of the false accusations, the Boulder County Court ruled that the evidence was inadmissable propensity evidence under Colorado Rule of Evidence 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake."  *See People v. Hevi*,

Boulder Dist. Ct. Case No. 2016-M-1559, Hearing on April 27, 2017 at 39:6–7; *see also* Colo. R. Evid. 404(b).[1]

The Boulder District Court considered this issue on appeal and affirmed the Boulder County Court's exclusion of the prior false accusation testimony. *Hevi*, 2019 Colo. Dist. LEXIS 4732, *2. The court noted that "[n]ot every erroneous ruling limiting cross-examination rises to the level of a constitutional violation." *Id.* (quoting *Doumbouya v. Cnty. Ct.*, 224 P.3d 425, 429 (Colo. App. 2009)). The court explained that the rules of evidence "do not allow evidence of a past false allegation to prove a witness'[s] propensity to make another false allegation." *Id.* at *2–3.

> Additionally, the court explained that Mr. Hevi
>
> sufficiently addressed concerns about [the complaining witness's] bitter feelings towards [him] and any potential bias against him during trial. Therefore, additional evidence of a prior false accusation was unnecessary, as [Mr. Hevi] was afforded the opportunity to present a complete defense addressing these issues without the additional evidence. It was not constitutional error to omit it.

*Id.* at *3.

Mr. Hevi argues in reply that the Boulder District Court and respondent misapprehend his argument. Docket No. 23 at 5. He claims that he sought to admit the evidence of the prior false accusations not to show the complaining witness's propensity to lie but, rather, her motive, which is permissible under Rule 404(b). *Id.* at 5–6. Mr. Hevi's theory is that, after their breakup, the complaining witness had a motive to hurt or punish him and did so by making false accusations against him. *Id.* at 6. Mr.

---

[1] The relevant federal rule mirrors the Colorado rule. *Compare* Colo. R. Evid. 404(b) *with* Fed. R. Evid. 404(b).

Hevi argues that, although the court permitted him to impeach the complaining witness about her "bitter feelings" towards him, this was not sufficient and "pales in comparison to impeachment by a prior false accusation . . . designed . . . to falsely punish a defendant criminally." *Id.* at 7.

The Court finds that the Boulder District Court did not misapprehend Mr. Hevi's argument.  After hearing argument by both sides, the court explained why the evidence was propensity evidence rather than motive evidence and also explained why the evidence was inadmissible.  *See People v. Hevi*, Boulder Dist. Ct. Case No. 2016-M-1559, Hearing on April 27, 2017 at 38:17–41:1.  The Court further finds that the trial court's disposition of Mr. Hevi's claim was consistent with controlling federal law.  "The Supreme Court 'has never held that the Confrontation Clause entitles a criminal defendant to introduce extrinsic evidence for impeachment purposes.'"  *United States v. A.S.*, 939 F.3d 1063, 1076 (10th Cir. 2019) (quoting *Nevada v. Jackson*, 569 U.S. 505, 512 (2013) (per curiam)).  "Neither ha[s the Tenth Circuit]."  *Id.* (citing *United States v. Velarde*, 485 F.3d 553, 562–63 (10th Cir. 2007) ("Neither this Court nor the Supreme Court has held that a defendant has a constitutional right [under the Confrontation Clause] to introduce extrinsic evidence" for impeachment purposes)).  The court in *A.S.* explained that, although there are some circumstances in which the Confrontation Clause may allow a defendant to introduce "highly probative exculpatory extrinsic evidence," "if such constitutional exceptions exist, they are narrow," and courts have accepted such arguments "only when the prior accusations were 'demonstrably false.'"  *Id.* (quoting *Velarde*, 485 F.3d at 562).  Mr. Hevi has not provided the Court with any court documents that would show that the prior accusations were "demonstrably false,"

11

and he made no such arguments in his appeal to the Boulder District Court.  *See generally* Docket No. 23-1.  Additionally, as explained above, trial judges have wide latitude to impose reasonable limits on cross-examination.  *See Van Ardsall*, 475 U.S. at 679; *see also People v. Eppens*, 979 P.2d 14, 22, (Colo. 1999) ("A trial court has substantial discretion in deciding questions concerning the admissibility of evidence.").

In denying Mr. Hevi an opportunity to cross-examine the complaining witness regarding her prior accusations of assault without Mr. Hevi showing that those accusations were  "demonstrably false," the trial court appears to have balanced Mr. Hevi's right to cross-examine a hostile witness against the legitimate concerns of avoiding harassing, prejudicial, or interrogative cross-examination.  Thus, the trial court's restriction on Mr. Hevi's right to confrontation was not arbitrary or disproportionate to the purposes served.  Therefore, this Court finds no reason to consider the trial court's evidentiary ruling, or the Boulder District Court's upholding of that ruling, to be contrary to, or an unreasonable application of, federal law.

Finally, Mr. Hevi was permitted to cross-examine the complaining witness about her feelings towards him and her potential biases against him.  *See People v. Hevi*, Boulder Dist. Ct. Case No. 2016-M-1559, Hearing on March 13, 2018 at 124:15–151:2; *id.* at 161:13–164:24.   However, Mr. Hevi's counsel decided not to cross-examine the complaining witness about prior victimization.  *See id.* at 10:21–11:1 ("I would like the alleged victim not to mention any prior victimization or allegations of victimization.  I understand why a previous counsel wanted to bring that in with the case that was dismissed.  That's not my intention to do.").  This strategic decision by Mr. Hevi's lawyer forecloses his challenge that the court unconstitutionally restricted his Confrontation

12

Clause rights.   *See United States v. Roach*, 896 F.3d 1185, 1192 (10th Cir. 2018)

("When a district court restricts cross-examination at trial, the party seeking to

cross-examine forfeits a challenge on appeal by failing to state the ground for objection

. . . or by failing at trial to object to the limitation at all."); *see also Van Ardsall*, 475 U.S.

at 678 (explaining that the Confrontation Clause guarantees only an opportunity for

effective cross examination); *Fensterer*, 474 U.S. at 20 (same).  If Mr. Hevi believed this

strategic decision was sufficiently improper or ill-advised, the appropriate recourse

would be to seek habeas relief for ineffective assistance of counsel.  Mr. Hevi, however,

chose not to do so.  The Court finds that the Boulder District Court's holding that the

trial court properly rejected extrinsic evidence of the complaining witness's prior

allegations was not contrary to, or an unreasonable application of, the Confrontation

Clause of the Sixth Amendment.

Even if the trial court's ruling on the admissibility of the prior false report

evidence violated Mr. Hevi's Confrontation Clause rights, the ruling is subject to

harmless error review.  *See Jones v. Gibson*, 206 F.3d 946, 957 (10th Cir. 2000).

When a federal court is faced with a Confrontation Clause violation in a habeas corpus

case brought by a state prisoner under § 2254, the relevant harmless error analysis is

whether the error "had substantial and injurious effect or influence in determining the

jury's verdict."  *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)); *see also*

*Fry v. Pliler*, 551 U.S. 112 (2007) ("We hold that in § 2254 proceedings a court must

assess the prejudicial impact of constitutional error in a state-court criminal trial under

the 'substantial and injurious effect' [harmless error] standard set forth in *Brecht*.").  Mr.

Hevi argues that the jury was not able to be a "reliable fact finder" because it was not

13

permitted to hear testimony that could establish the complaining witness's motive to lie. Docket No. 23 at 8.

The "substantial and injurious effect" standard articulated in *Brecht* requires that a habeas petitioner "establish that [the court's error] resulted in 'actual prejudice'." *Brecht*, 507 U.S. at 637. A "substantial and injurious effect" exists when "the court finds itself in 'grave doubt' about the effect of the error on the jury's verdict." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006). "Grave doubt" exists when "the matter is so evenly balanced that [the court is] in virtual equipoise as to the harmlessness of the error." *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995). This requires much more than a "reasonable possibility" that the result of the trial would have been different. *See Brecht*, 507 U.S. at 637. The Court finds, however, that Mr. Hevi has shown only a reasonable possibility that the jury's verdict would have been different if the jury had been permitted to hear evidence of the actual purportedly false accusation, rather than evidence of the complaining witness's bitter feelings and potential bias against Mr. Hevi.

### B.  Claim Two

In his second claim, Mr. Hevi argues that, after the "incident, instead of calling the police, the complaining witness called friends to tell them [that] she was sexually assaulted." Docket No. 1 at 3. The Boulder County Court, Mr. Hevi states, permitted these friends to testify to their conversations with the complaining witness, "essentially repeating what she told them," because the court concluded such evidence was necessary to "rebut a charge of improper motive or recent fabrication," even though the court had excluded evidence of improper motive or recent fabrication when it excluded the evidence of the prior false accusation. *Id.* On appeal, Mr. Hevi argued that the

14

testimony was hearsay and that it was plain error to admit it.  Docket No. 23-1 at 11.

As above, the Boulder District Court noted that trial courts have "substantial discretion in deciding questions concerning the admissibility of evidence."  *See Hevi*, 2019 Colo. Dist. LEXIS 4732, at *3 (quoting *Eppens*, 979 P.2d at 22).  The court explained that, absent a contemporaneous objection, the reviewing court is limited to determining whether or not the trial court committed plain error.  *Id.* (citing *Eppens*, 979 P.2d at 18).  The court explained that unless the evidentiary ruling is "manifestly arbitrary, unreasonable, or unfair," it will be affirmed.  *Id.* (quoting *People v. Miranda*, 2014 COA 102, ¶ 14).

The court cited Colorado Rule of Evidence 801(d)(1)(B), which says that a statement is not hearsay if the declarant testifies at trial and is subject to cross-examination concerning the statement, and the statement is "consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive."  *Id.* at *3–4 (citing Colo. R. Evid. 801(d)(1)(B)).[2]

On cross-examination, the district court noted, Mr. Hevi's counsel "proffered an implied charge" that the complaining witness had an "improper influence or motive" to "retaliate against" Mr. Hevi "because of hostile feelings she harbored at their bad breakup."  *Id.* at *4–5.  The court held that this was sufficient to allow the complaining witness's prior consistent statements to be admitted through her testimony as well as the statements recorded on a police officer's body worn camera because each witness

---

[2] The federal rule parallels the Colorado rule.  *Compare* Fed. R. Evid. 801

testified at trial and was subject to cross-examination.  *Id.* at *5.  The court noted that the statements were made "*after* the incident but *before* [the complaining witness] made a police report, and therefore they were made before the alleged improper motive arose."  *Id.*

The record establishes that Mr. Hevi's lawyer did not object to these witnesses testifying that the complaining witness had not decided to file a police report when she spoke with them, and her decision to file a report was not influenced by a motive to retaliate against Mr. Hevi.  *See generally People v. Hevi*, Boulder Dist. Ct. Case No. 2016-M-1559, Hearing on March 13, 2018.

On appeal to the Boulder District Court, Mr. Hevi argued that "the Colorado Rules of Evidence are not the exclusive vehicle for the admission of prior consistent statements for rehabilitation" and that the evidence must have "some probative force bearing on the credibility of the witness 'beyond the mere fact that the witness has repeated on a prior occasion a statement consistent with her trial testimony.'"  Docket No. 23-1 at 13 (quoting *Eppens*, 970 P.2d at 22).  Mr. Hevi argued that the "probative force of the evidence was not germane to any issue of proper rehabilitation" because "there was no allegation of recent fabrication in the cross-examination of the complaining witness."  *Id.* at 14.  However, as discussed above, Mr. Hevi's counsel implied that the complaining witness had an improper influence or motive.  Nevertheless, Mr. Hevi did not raise any of these arguments in his habeas petition.  *See generally* Docket No. 1.

Respondent agrees with the Boulder District Court and argues that the admission of the complaining witness's out-of-court statements, offered through the

testimony of her neighbors, did not violate the Confrontation Clause because the statements were not hearsay under Colorado Rule of Evidence 801(d)(1)(B).  Docket No. 22 at 15.  This is because the complaining witness testified at the trial, was subject to extensive cross-examination, and testified consistently with the neighbors' testimony. *Id.*

The Court finds that the Boulder County Court's admission of this evidence, and the Boulder District Court's affirming, was consistent with controlling federal law because, contrary to Mr. Hevi's argument, the statements were not hearsay, as the neighbors' testimony meets each of the requirements of Rule 801(d)(1)(B).  The Colorado Supreme Court in *Eppens*, which Mr. Hevi relies upon, stated that the habeas petitioner "should not be permitted to 'have his cake and eat it too' by referring to select portions of [the complaining witness's] prior statement in order to impeach her, but leaving out large sections of the statement which demonstrate consistency in her version fo the alleged assault."  *Eppens*, 979 P.2d at 22 (citing *United States v. Ellis*, 121 F.3d 908, 921 (4th Cir. 1997)).  The same principle applies here.  Mr. Hevi should not be permitted to introduce evidence of the complaining witness's past accusations to establish her motive to lie, but exclude testimony that may tend to undercut her acting on that motive.  Finally, as above, the Court finds that Mr. Hevi has not established that a "[g]rave doubt" exists that the jury's verdict would have been different if the testimony of the neighbors had been excluded.  *See O'Neal*, 513 U.S. at 435.  At most, Mr. Hevi has established a "reasonable possibility," *see Brecht*, 507 U.S. at 637, but that is not sufficient to establish that the trial was so "fundamentally unfair as to constitute a denial of federal constitutional rights," *Moore*, 254 F.3d at 1246 (citation omitted), or was "was

17

so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] is **DENIED**.  It is further

**ORDERED** that this case is dismissed with prejudice.  It is further

**ORDERED** that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED March 15, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge